**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 26-42632 |
|  | ) | Chapter 11 |
| DIVERSIFIED WIRE & CABLE, INC., | ) | Hon. Maria L. Oxholm |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

_____

## <u>ORDER TERMINATING THE AUTOMATIC STAY</u>

This matter coming before the Court on the *Stipulation for Termination of the Automatic Stay and Surrender of Property* [Docket No. 125] (the "<u>Stipulation</u>"), filed by Robert M. Haugen (the "<u>Creditor</u>"), Diversified Wire & Cable, Inc. (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Case</u>"), and Deborah L. Fish (the "<u>Trustee</u>"), the subchapter V trustee appointed in the Case, the Court having reviewed the Stipulation; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (d) notice of the Stipulation having been sufficient under the circumstances; and the Court having determined that the legal and factual basis set forth in the Stipulation establish just cause for the relief granted herein;

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Stipulation is APPROVED as set forth herein.

2.     The automatic stay imposed by Section 362(a) of the Bankruptcy Code is hereby terminated, annulled, and modified to the extent necessary to permit the Creditor to exercise any and all rights and remedies available to it under the Lease,[1] applicable nonbankruptcy law, or otherwise, with respect to the Leased Property, including, without limitation, the right to (a) enter upon and take immediate possession of the Leased Property; (b) repossess, secure, and lock out the Debtor or any occupant from the Leased Property; (c) re-let, lease, license, or otherwise dispose of or market the Leased Property; (d) terminate the Lease; (e) pursue any eviction, ejectment, unlawful detainer, or other possessory action in any court of competent jurisdiction; and (f) exercise any and all other rights or remedies available under the Lease, at law, or in equity.

3.     The Debtor shall surrender the Leased Property to the Creditor on or before April 30, 2026 (the "Surrender Date"). The Debtor shall return all keys, access cards, security codes, and other means of entry to the Creditor on or before the Surrender Date. In the event the Debtor fails to timely surrender the Leased Property in accordance with this paragraph, the Creditor shall be entitled, without

---

[1]     Capitalized but undefined terms shall have the meanings set forth in the Stipulation.

further order of this Court, to enter upon and take possession of the Leased Property and to remove the Debtor and any other occupants and personal property therefrom.

4. Any personal property of the Debtor or the Debtor's estate remaining on the Leased Property after the Surrender Date shall be deemed abandoned by the Debtor and the Debtor's estate, and the Creditor shall be authorized, without further order of this Court, to dispose of, remove, discard, or otherwise handle such property in any manner the Creditor deems appropriate, and without any liability to the Debtor, the Debtor's estate, or any third party.

5. The Lease is deemed rejected pursuant to Section 365(a) of the Bankruptcy Code, effective as of the date of the Stipulation (the "Rejection Date"). The Debtor hereby waives any further right to assume or assign the Lease under Section 365 of the Bankruptcy Code. The rejection of the Lease shall be without prejudice to the Creditor's right to assert a claim for damages arising from such rejection in accordance with Section 502(b)(6) of the Bankruptcy Code, which claim shall be filed in accordance with any applicable bar date established in the Case. Nothing herein shall relieve the Debtor of any obligations arising under the Lease prior to the Rejection Date, including, without limitation, any obligations for unpaid rent, charges, or other amounts accruing through the Rejection Date.

6. The Creditor shall have an allowed administrative expense priority claim in the amount of $15,509.05, on account of accrued, but unpaid, rent under the lease since the Petition Date through the Rejection Date.

7. Nothing in this Order or the Stipulation shall prejudice, impair, or otherwise affect the Creditor's right to file a proof of claim in the Case for any amounts owed by the Debtor under the Lease, including, without limitation, prepetition arrearages, postpetition obligations, damages arising from rejection of the Lease, and any other amounts to which the Creditor may be entitled under the Lease or applicable law. The Creditor reserves all rights, claims, and causes of action against the Debtor and the Debtor's estate, whether arising before or after the Petition Date, including any administrative expense claims, except as expressly modified herein.

8. The entry into the Stipulation shall not constitute a waiver by either party of any rights, claims, defenses, or causes of action, except as expressly set forth herein.

9. The Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, heirs, executors, administrators, and representatives, including, without limitation, any Chapter 7 trustee appointed in the Case or any successor case.

10.     To the extent not governed by the Bankruptcy Code or other applicable federal law, the Stipulation shall be governed by and construed in accordance with the laws of the State of Michigan.

11.     This Court shall retain jurisdiction to enforce the terms and provisions of the Stipulation and this Order.

**Signed on May 1, 2026**



/s/ Maria L. Oxholm
_____
**Maria L. Oxholm**
**United States Bankruptcy Judge**