In re:

DIVERSIFIED WIRE & CABLE,
INC.,

       Debtor.

Case No. 26-42632-mlo
Chapter 11, Subchapter V
Hon. Maria L. Oxholm

---

## ORDER AUTHORIZING ASSUMPTION
## OF EXECUTORY CONTRACT WITH ANTARES
## TECHNOLOGY SOLUTIONS, LLC D/B/A CENTARIS

The Debtor in the above-captioned Chapter 11, Subchapter V case filed a motion seeking entry of an Order Authorizing Assumption of Executory Contract with Centaris (Docket #91) (the "Motion"). Notice of the Motion and opportunity to object was served on all creditors and parties in interest stated in the Court's mailing matrix for the above-captioned case (the "Notice"), and the Motion and Notice were served on (a) the United States Trustee; (b) Bridge Business Credit, LLC; (c) the Subchapter V Trustee; and (d) Centaris[1] as stated in the Certificate of Service filed therewith; the Notice was adequate and sufficient under the circumstances; No objection to the Motion was timely filed or served pursuant to the Notice; a Certificate of No Response to the Motion was filed; and, for the reasons

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

stated in the Motion, the Court finds that the relief requested is in the best interest of the Debtor's estate, creditors, and other parties in interest, and that cause exists to grant the Motion.

**THEREFORE, IT IS ORDERED:**

1. The Motion is **GRANTED** in full;

2. Debtor is authorized to assume the Agreement with Centaris pursuant to section 365(a) of the Bankruptcy Code, subject to payment of the Cure Amount of $105,646.27 under the following conditions;

    a. Effective as of the first day of the calendar month immediately following the date of entry of an order confirming the Debtor's plan of reorganization under Chapter 11 of the Bankruptcy Code (the "Confirmation Date"), the Debtor shall pay the Cure Amount Installments of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) per month payable on the first day of each calendar month thereafter, until the Cure Amount has been paid in full;

    b. In addition to the Cure Amount Installments set forth above, the Debtor shall timely pay all Postpetition Amounts due and owing under the Agreement as they become due in accordance with the terms thereof.

    c. In the event of a Payment Default wherein the Debtor fails to make any payment when due, whether with respect to the Cure Amount

Installments or the Postpetition Amounts, then Centaris may provide the Debtor with a Default Notice of the Payment Default. The Default Notice shall specify the nature and amount of the Payment Default and shall be served upon the Debtor and Debtor's counsel by electronic mail, overnight delivery, or first-class mail.

d. The Debtor shall have a Cure Period of fourteen (14) days from the date of such Default Notice to cure the Payment Default identified therein. If the Debtor cures the Payment Default within the Cure Period, the Default Notice shall be deemed withdrawn and the Agreement shall continue in full force and effect in accordance with the terms hereof.

e. If the Debtor fails to cure a Payment Default within the Cure Period, such failure shall constitute a Material Default under this Order. Upon the occurrence of a Material Default, the Creditor may, at its sole option, seek to accelerate all outstanding amounts due hereunder, including the entire unpaid balance of the Cure Amount together with all accrued interest as of the date of the Material Default, at the rate of 7 percent per annum thereon and all unpaid Postpetition Amounts, and may pursue any and all remedies available at law or in equity, including seeking appropriate relief from this Court.

f.  Notwithstanding the foregoing, in the event that Centaris has issued two (2) or more Default Notices to the Debtor (regardless of whether such prior Payment Defaults were subsequently cured within the applicable Cure Period), any subsequent Payment Default (i.e., a third or further Payment Default) shall automatically constitute a Material Default without the requirement of any further Default Notice or Cure Period. Upon the occurrence of such Material Default, the Centaris may, at its sole option and without further notice to the Debtor, accelerate all outstanding amounts due hereunder, including the entire unpaid balance of the Cure Amount together with all accrued interest as of the date of the Material Default, at the rate of 7 percent per annum thereon and all unpaid Postpetition Amounts, and may pursue any and all remedies available at law or in equity, including seeking appropriate relief from this Court.

g.  No failure or delay by Centaris in exercising any right or remedy under this Order shall operate as a waiver thereof. The acceptance by Centaris of any late or partial payment shall not waive any of Centaris's rights or remedies, nor shall it waive any subsequent Payment Default or Material Default.

3.  The 14-day stay of Bankruptcy Rule 6004(h) is hereby waived;

4.     Nothing contained herein shall be deemed to limit, waive, or otherwise affect any rights or remedies of Centaris under the Agreement, applicable law, or the Bankruptcy Code, except as expressly modified by this Order;

5.     This Order shall be binding upon and inure to the benefit of the Debtor, the Centaris, and their respective successors and assigns; and

6.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed on May 4, 2026**

/s/ Maria L. Oxholm

**Maria L. Oxholm**
**United States Bankruptcy Judge**