# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

Diversified Wire & Cable, Inc.,

     Debtor.

Case No. 26-42632-mlo
Chapter 11

Hon. Maria L. Oxholm

## CENTARIS'S MOTION FOR ENTRY OF AN ORDER RELIEVING CENTARIS FROM THE AUTOMATIC STAY

Antares Technology Solutions, LLC d/b/a Centaris ("Centaris"), by its attorneys, Taft, Stettinius, & Hollister LLP, submits this *Motion for Entry of an Order Relieving Centaris from the Automatic Stay* (the "Motion"), and in support thereof, states as follows:

## PRELIMINARY STATEMENT

Through this Motion, Centaris seeks relief from the automatic stay as a result of Debtor Diversified Wire & Cable, Inc.'s (the "Debtor") failure to make timely post-petition payments under the Debtor's Master Services Agreement (the "Agreement") with Centaris, assumed and approved by the Court's *Order Authorizing Assumption of Executory Contract with Antares Technology Solutions, LLC d/b/a Centaris* (the "Order") [Doc No. 130]. Because the Debtor is no longer operating and plans to liquidate its assets, Centaris is entitled to relief from the automatic stay to pursue its claims under the Agreement.

On July 7, 2026, Centaris, through its undersigned counsel, sent an email to the Debtor's counsel requesting the relief sought in this motion, including, *inter alia*, authorization to terminate its services to the Debtor pursuant to the Agreement. No response was received.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Section 362 of Title 11 of the United States Code (the "Bankruptcy Code").

## FACTUAL BACKGROUND

4. In 2021, the Debtor entered into the Agreement with Centaris, in which Centaris provided Managed IT Services to the Debtor in exchange for payments made by the Debtor in accordance with the pricing set forth in the Agreement and related work orders.

5. On March 12, 2026, the Debtor filed a petition under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor remained in control of the estate as a Debtor-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. At the time the Debtor filed its petition, it owed Centaris $105,646.27 (the "Cure Amount") under the Agreement from the period April 1, 2025 through March 1, 2026.

7. On April 2, 2026, the Debtor filed its *Motion Seeking Entry of an Order Authorizing Assumption of Executory Contract with Centaris* (the "Assumption Motion") [Doc No. 91]. The Debtor sought to assume the contract expressly to continue using IT services as it attempted to restructure and continue its ordinary business operations.[1]

8. Underlying the Debtor's attempt to restructure and continue its ordinary business operations was the Debtor's acquisition of post-petition financing from Tripathi Capital Holding LLC ("TCH").

9. On May 4, 2026, this Court entered the Order, granting the Debtor's request to assume the Agreement under certain conditions, including the satisfaction of the Cure Amount and any Postpetition Amounts[2] due under the Agreement.

10. Under the Order, if the Debtor fails to make any payment when due, Centaris may provide the Debtor with a notice via electronic mail, overnight delivery, or first-class mail specifying the nature and amount of the payment default (a "Default Notice"). Order at ¶ 2(c).

---

[1] Centaris incorporates additional facts not otherwise mentioned herein as set forth in the Assumption Motion.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to

11.     After a Default Notice has been issued, the Debtor has 14 days to cure the default in payment before the default constitutes a Material Default. Order at ¶ 2(d). If no cure occurs, and a Material Default is triggered, Centaris has the option to accelerate all outstanding amounts due under the Agreement and Order, including the entire unpaid balance of the Cure Amount and all accrued interest as of the date of the Material Default, as well as all unpaid Postpetition Amounts. Order at ¶ 2(e).

12.     Additionally, upon a Material Default Centaris may pursue any and all remedies available at law or in equity, including seeking appropriate relief from this Court. Order at ¶ 2(e).

13.     Since entry of the Order, the Debtor has made no payments of the Postpetition Amounts that were due to Centaris, in contravention of the Order and the Agreement.

14.     Further, the Debtor recently informed the United States Trustee that the post-petition financing from TCH fell through, and that the Debtor has ceased operations. On July 8, 2026, the United States Trustee filed its *Motion to Convert Case* [Doc No. 168], seeking to convert the Debtor's case to one administered under Chapter 7 of the Bankruptcy Code. And, on July 21, 2026, the Debtor filed an amended Chapter 11 plan of liquidation [Doc No. 181], with plans to auction off its remaining assets.

---

them in the Order.

4

15. On July 16, 2026, counsel for Centaris provided the Debtor with a Default Notice via electronic mail, triggering the 14 day period. As of July 30, the Debtor has not cured the Default Notice, triggering a Material Default.

16. Centaris, pursuant to its rights under the Order, seeks to accelerate all outstanding amounts due under the Order, and now seeks relief to lift the automatic stay to pursue such amounts against the Debtor.

## RELIEF REQUESTED

17. Under Section 362(d)(1) of the Bankruptcy Code, relief from the automatic stay is justified "for cause." The Debtor has the burden of proving that cause does not exist to lift the automatic stay. *In re Grand Traverse Dev. Co. Ltd. P'ship*, 150 B.R. 176, 191–92 (Bankr. W.D. Mich. 1993). Cause is determined on a case-by-case basis. *See In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994).

18. Here, cause exists to lift the automatic stay because the Debtor has failed to comply with the requirements of the Order. *See Matter of Holly's, Inc.*, 140 B.R. 643, 687 (Bankr. W.D. Mich. 1992) (citing *In re CGR, Ltd.*, 56 B.R. 305, 307 (Bankr. S.D. Tex. 1985)) (recognizing the failure to comply with a court order as cause for relief from the automatic stay).

19. Under the Order, the Debtor was to make payments of all Postpetition Amounts as they came due under the terms of the Order. The Debtor has yet to make

any such payments. Centaris alerted the Debtor to its non-payment through the Default Notice, to which the Debtor did not respond in the requisite period, triggering a Material Default. The Order expressly provides Centaris with the right to pursue any and all remedies available at law or equity, including from this Court, to collect all outstanding amounts under the Order following a Material Default.

20.     Additionally, the Debtor's express purpose in assuming the Agreement was to obtain IT services to continue operating. Now that the Debtor has ceased operations, and has not proposed an avenue to resume operations in the future, the predicate for assuming the contract no longer exists and the Debtor has no method by which to comply with the Order to make payments towards the Cure Amount or the Postpetition Amounts.

21.     Thus, because the Debtor has not and cannot comply with the Order, cause exists to relieve Centaris from the automatic stay.

<u>**CONCLUSION**</u>

**WHEREFORE**, Centaris respectfully requests that this Court enter the Order attached as Exhibit A, granting Centaris relief from the automatic stay to pursue its claims against the Debtor, and any additional relief that is equitable and just.

Respectfully submitted,

**Taft, Stettinius & Hollister LLP**

Dated: August 3, 2026

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)

27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

*Counsel to Creditor, Centaris*

**EXHIBIT A**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

Diversified Wire & Cable, Inc.,

Debtor.

Case No. 26-42632-mlo
Chapter 11

Hon. Maria L. Oxholm

## ORDER AUTHORIZING RELIEF FROM THE AUTOMATIC STAY

THIS MATTER is before the Court upon the motion of Antares Technology Solutions, LLC d/b/a Centaris ("Centaris"), for its *Motion for Entry of an Order Relieving Centaris from the Automatic Stay* [ECF No. __] (the "Motion"); the Court having read the Motion and having found cause to grant the relief sought in the Motion, and the Court being otherwise fully advised in its premises:

**NOW THEREFORE, IT IS HEREBY ORDERED** that the Motion is **GRANTED** in full and relief is granted as follows:

1. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified and lifted as to Centaris with respect to any and all actions to enforce its rights under the Agreement and the Order Authorizing Assumption of Executory Contract with Antares Technology Solutions, LLC d/b/a Centaris [Doc No. 130] (the "Assumption Order"), including the right to pursue any and all remedies available at law or in equity.

2. Centaris is hereby authorized and relieved of any obligation to continue

providing services to the Debtor under the Agreement and any related scopes of services, work orders, or addenda thereto. Centaris may, in its sole discretion, terminate all services to the Debtor effective immediately upon entry of this Order, or at such time as Centaris deems appropriate, without further notice to the Debtor or order of this Court.

3. Centaris is hereby allowed an administrative expense claim under 11 U.S.C. § 503(b)(1)(A) for all post-petition amounts due and owing under the Agreement and the Assumption Order, including but not limited to (a) all unpaid Postpetition Amounts as defined in the Assumption Order; (b) the entire unpaid balance of the Cure Amount of $105,646.27, together with all accrued interest at the rate of 7% per annum from the date of the Material Default; and (c) any other amounts due and owing under the Agreement, the Assumption Order, and this Order (collectively, the "Administrative Claim"). The Administrative Claim shall be entitled to priority of payment as provided under 11 U.S.C. §§ 503(b) and 507(a)(2).

4. Within fourteen (14) days of the date that this Order becomes a final, non-appealable order, Centaris shall file with this Court an affidavit setting forth the calculation and amount of the Administrative Claim, including an itemization of (a) all unpaid Postpetition Amounts; (b) the

unpaid balance of the Cure Amount; (c) all accrued interest; and (d) any other amounts due under the Agreement and the Assumption Order (the "Administrative Expense Affidavit"). The Administrative Expense Affidavit shall be served upon the Debtor, Debtor's counsel, the Subchapter V Trustee, and the United States Trustee. Any party in interest shall have fourteen (14) days from the date of service of the Administrative Expense Affidavit to file an objection thereto. If no timely objection is filed, the Administrative Claim as set forth in the Administrative Expense Affidavit shall be deemed allowed without further order of this Court.

5. In accordance with the terms of the Assumption Order, all outstanding amounts due under the Agreement and the Assumption Order are hereby accelerated, including but not limited to the entire unpaid balance of the Cure Amount together with all accrued interest at the rate of 7 percent per annum from the date of the Material Default, and all unpaid Postpetition Amounts.

6. The 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived, and this Order shall be effective immediately upon entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and

enforcement of this Order, including but not limited to the determination of the amount of the Administrative Claim.

8. Nothing contained herein shall be deemed to limit, waive, or otherwise affect any rights or remedies of Centaris under the Agreement, the Assumption Order, applicable law, or the Bankruptcy Code, except as expressly modified by this Order.

<strong>UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF MICHIGAN<br>SOUTHERN DIVISION</strong>

In re:

Diversified Wire & Cable, Inc.,

       Debtor.

Case No. 26-42632-mlo
Chapter 11

Hon. Maria L. Oxholm

## NOTICE OF CENTARIS'S MOTION FOR ENTRY OF AN ORDER RELIEVING CENTARIS FROM THE AUTOMATIC STAY

Notice is hereby given that Taft Stettinius & Hollister, LLP as Counsel to Antares Technology Solutions, LLC d/b/a Centaris ("Centaris") filed its *Motion for Entry of an Order Relieving Centaris from the Automatic Stay* (the "Motion").

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, within 14 days from the date of service you or your attorney must:

1. File with the court a written response or an answer, explaining your position, with the U.S. Bankruptcy Court Clerk's Office at: **211 W. Fort St., Detroit, MI 48226.** If you mail your response to the court you must mail it early enough so that the court will receive it on or before the date stated above.

2. You must also mail a copy of your response or answer to:

   Office of the United States Trustee
   Eastern District of Michigan
   211 West Fort Street, Suite 700
   Detroit, MI 48226

   Kimberly Ross Clayson,
   Taft Stettinius & Hollister LLP

13

27777 Franklin Road
Suite 2500
Southfield, MI 48034
(248) 351-3000

3. If a response or answer is timely filed and served, the clerk will schedule a hearing on the application and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought and may enter an order granting that relief.

Respectfully submitted,

Taft Stettinius & Hollister LLP

Dated: August 3, 2026

By: */s/ Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
27777 Franklin Road – Suite 2500
Southfield, MI 48034
P: 248.351.3000
kclayson@taftlaw.com

In re:

Diversified Wire & Cable, Inc.,

Debtor.

Case No. 26-42632-mlo
Chapter 11

Hon. Maria L. Oxholm

---

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026, my office served a copy of Antares Technology Solutions, LLC d/b/a Centaris's *Motion for Order Relieving Centaris from the Automatic Stay* by electronic case filing notification to all parties who have filed an appearance in the above-captioned bankruptcy proceeding.

Respectfully submitted,

**Taft, Stettinius & Hollister LLP**

Dated: August 3, 2026

/s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

*Counsel to Creditor, Centaris*