**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In re:**

**DIVERSIFIED WIRE & CABLE, INC.,**

**Debtor.**

**Case No. 26-42632-mlo**
**Chapter 11, Subchapter V**
**Hon. Maria L. Oxholm**

---

**ORDER AUTHORIZING THE SALE OF EQUIPMENT AND INVENTORY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS THROUGH AN AUCTION PROCESS**

Upon consideration of the Debtor's Motion for Entry of an Order Authorizing the Sale of Equipment and Inventory Free and Clear of Liens, Claims, Encumbrances, and Other Interests Through an Auction Process (the "Motion"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the statutory predicates for the relief requested in the Motion including §§ 105(a), 363(b), 363(f), 363(k), and 363(m) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court not having held a hearing on the Motion; and after due deliberation thereon

and good and sufficient cause appearing therefor, the Court hereby FINDS and CONCLUDES that:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

B. The Debtor has demonstrated sound business judgment and good and sufficient cause for the relief granted herein pursuant to Bankruptcy Code §§ 105(a) and 363(b).

C. The auction process approved by this Order, including the auction procedures set forth in the Motion (the "Auction Procedures"), is fair, reasonable, and designed to maximize the value of the Debtor's equipment and inventory identified in Exhibit B to the Motion (the "Assets").

D. The sale of the Assets pursuant to the Auction and this Order is authorized by Bankruptcy Code § 363(b) and satisfies the standards applicable thereto.

E. The Debtor may sell the Assets free and clear of all liens, claims, encumbrances, and other interests (collectively, the "Interests") pursuant to Bankruptcy Code § 363(f), with any such Interests to attach to the net proceeds of such sale with the same validity, priority, and extent as such Interests had in the

Assets immediately prior to the sale, subject to any claims, defenses, and objections the Debtor and its estate may possess.

F. The auction and sale process contemplated by the Motion has been and will be conducted in good faith and at arm's length. Each purchaser of Assets at the Auction that is not an insider of the Debtor and that participates in the Auction in accordance with the Auction Procedures shall be deemed to be a "good-faith purchaser" within the meaning of Bankruptcy Code § 363(m) and entitled to the protections thereof.

G. The notice of the Motion, the Auction, and the proposed sale of the Assets was appropriate, adequate, and sufficient under the circumstances and complied with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Motion Granted.** The Motion is GRANTED as set forth herein.

2. **Approval of Auction Procedures.** The Auction Procedures as set forth in the Motion, are approved in all respects and are incorporated herein by reference. The Debtor is authorized to implement the Auction Procedures and to take all actions reasonably necessary or appropriate to conduct the Auction in accordance therewith.

3. **Authority to Conduct Auction.** The Debtor is authorized to conduct, or cause to be conducted by its duly retained auctioneer, Levy Recovery Services. LLC (the "Auctioneer"), a online auction of the Assets (the "Auction") on or about August 13, 2026, or on such other date(s), time(s), and at such location(s) or online venue(s) as may be determined by the Debtor in consultation with the Auctioneer and consistent with the Auction Procedures.

4. **Authority to Sell Assets.** Subject to the terms of this Order and the Auction Procedures, the Debtor is authorized, but not directed, to sell, transfer, and convey the Assets to the successful bidder (s) at the Auction (each, a "Purchaser") pursuant to one or more invoices, bills of sale, or other customary sale documents (collectively, the "Sale Documents"), free and clear of all Interests pursuant to Bankruptcy Code § 363(f), with such Interests, if any, to attach to the net sale proceeds with the same validity, priority, and extent as such Interests had in the Assets immediately prior to the sale, subject to any and all claims, defenses, and objections of the Debtor and its estate.

5. **No Successor Liability.** Except as expressly provided in any Sale Document or this Order, the Purchasers shall have no liability or responsibility for any obligations of the Debtor or its estate arising under or related to the Assets by reason of the transfer of the Assets to the Purchasers, and the Purchasers shall not be deemed successors to the Debtor or its estate for any purpose.

6. **Good-Faith Purchasers; § 363(m).** Each Purchaser that acquires Assets pursuant to the Auction and in accordance with the Auction Procedures is deemed to have purchased such Assets in good faith, as that term is used in Bankruptcy Code § 363(m), and such Purchasers are entitled to all of the protections afforded thereby and by this Order.

7. **Discharge of Interests; Direction to Parties.** Except as otherwise provided herein or in any separate agreement of the parties:

   a. all entities holding Interests in the Assets shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting such Interests against the Purchasers or their respective successors and assigns, or against the Assets acquired by such Purchasers; and

   b. to the extent necessary, all entities that are in possession of any of the Assets shall deliver such Assets, at the Purchasers' expense, to the Purchasers, and shall execute and deliver such documents and take such other actions as may be reasonably necessary to effectuate the transactions contemplated by this Order and any Sale Documents.

8. **Auctioneer Compensation and Expenses.** The Auctioneer is authorized to charge the Purchaser(s) a buyer's premium as the Auctioneer's compensation and Debtor is authorized to pay the Auctioneer's reimbursable expenses as set forth in the Corrected Application to Employ the Auctioneer [ECF No. 192] (the "Auctioneer Application") in an amount up to $20,000, without further order of the Court, from the gross proceeds of the sale of the Assets.

9. **Use and Distribution of Proceeds.** The Auctioneer shall withhold the buyer's premium paid by the Purchaser(s) and the expenses as set forth in the Auctioneer Application. The balance of the auction proceeds will be released within three (3) days of the removal of the final Assets from the Debtor's facility, but in no event no later than August 31, 2026, and shall be distributed first to Bridge Business Credit, LLC, subject to the agreed upon carve out for professional fees, to the extent of its secured claim, and then to the Debtor in Possession to be held pending further order of the Court.

10. **Reservation of Rights.** Nothing in this Order shall impair or affect the rights of any party, including the Debtor, its estate, or any creditor, with respect to the allocation, priority, validity, perfection, enforceability, or extent of any Interests in the sale proceeds, all of which rights are expressly preserved and may be asserted and adjudicated in separate proceedings.

11. **Binding Effect.** This Order shall be binding in all respects upon the Debtor, its estate, all creditors and equity holders, all holders of Interests in the Assets, all Purchasers, all successors and assigns of the foregoing, and any trustees subsequently appointed in this or any superseding chapter 7 or chapter 11 case of the Debtor.

12. **Automatic Stay.** The provisions of Bankruptcy Rule 6004(h) are hereby waived, and this Order shall be effective and enforceable immediately upon its entry. Any stay of this Order pending appeal by operation of Bankruptcy Rule 6004(h) or otherwise is hereby waived.

13. **Retention of Jurisdiction.** The Court shall retain exclusive jurisdiction to interpret, enforce, and implement the terms and provisions of this Order, the Auction Procedures, and any Sale Documents, and to adjudicate any disputes arising thereunder or in connection therewith, including, without limitation, any disputes with respect to the enforceability, validity, and extent of any Interests in the sale proceeds.

**Signed on August 10, 2026**

**/s/ Maria L. Oxholm**

**Maria L. Oxholm**
**United States Bankruptcy Judge**