**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-42632-mlo<br>Chapter 11 |
| Diversified Wire & Cable, Inc., | Hon. Maria L. Oxholm |
| Debtor. | |

**ORDER AUTHORIZING RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER is before the Court upon the motion of Antares Technology Solutions, LLC d/b/a Centaris ("Centaris"), for its *Motion for Entry of an Order Relieving Centaris from the Automatic Stay* [ECF No. 197] (the "Motion"); the Court having read the Motion and having found cause to grant the relief sought in the Motion, and the Court being otherwise fully advised in its premises:

**NOW THEREFORE, IT IS HEREBY ORDERED** that the Motion is **GRANTED** in full and relief is granted as follows:

1. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified and lifted as to Centaris with respect to any and all actions to enforce its rights under the Agreement and the Order Authorizing Assumption of Executory Contract with Antares Technology Solutions, LLC d/b/a Centaris [Doc No. 130] (the "Assumption Order"), including the right to pursue any and all remedies available at law or in equity.
2. Centaris is hereby authorized and relieved of any obligation to continue

providing services to the Debtor under the Agreement and any related scopes of services, work orders, or addenda thereto. Centaris may, in its sole discretion, terminate all services to the Debtor effective immediately upon entry of this Order, or at such time as Centaris deems appropriate, without further notice to the Debtor or order of this Court.

3. Centaris is hereby allowed an administrative expense claim under 11 U.S.C. § 503(b)(1)(A) for all post-petition amounts due and owing under the Agreement and the Assumption Order, including but not limited to (a) all unpaid Postpetition Amounts as defined in the Assumption Order; (b) the entire unpaid balance of the Cure Amount of $105,646.27, together with all accrued interest at the rate of 7% per annum from the date of the Material Default; and (c) any other amounts due and owing under the Agreement, the Assumption Order, and this Order (collectively, the "Administrative Claim"). The Administrative Claim shall be entitled to priority of payment as provided under 11 U.S.C. §§ 503(b) and 507(a)(2).

4. Within fourteen (14) days of the date that this Order becomes a final, non-appealable order, Centaris shall file with this Court an affidavit setting forth the calculation and amount of the Administrative Claim, including an itemization of (a) all unpaid Postpetition Amounts; (b) the

unpaid balance of the Cure Amount; (c) all accrued interest; and (d) any other amounts due under the Agreement and the Assumption Order (the "Administrative Expense Affidavit"). The Administrative Expense Affidavit shall be served upon the Debtor, Debtor's counsel, the Subchapter V Trustee, and the United States Trustee. Any party in interest shall have fourteen (14) days from the date of service of the Administrative Expense Affidavit to file an objection thereto. If no timely objection is filed, the Administrative Claim as set forth in the Administrative Expense Affidavit shall be deemed allowed without further order of this Court.

5. In accordance with the terms of the Assumption Order, all outstanding amounts due under the Agreement and the Assumption Order are hereby accelerated, including but not limited to the entire unpaid balance of the Cure Amount together with all accrued interest at the rate of 7 percent per annum from the date of the Material Default, and all unpaid Postpetition Amounts.

6. The 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived, and this Order shall be effective immediately upon entry.

7. This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, and enforcement of this Order, including but not limited to the determination of the amount of the Administrative Claim.

8. Nothing contained herein shall be deemed to limit, waive, or otherwise affect any rights or remedies of Centaris under the Agreement, the Assumption Order, applicable law, or the Bankruptcy Code, except as expressly modified by this Order.

**Signed on August 28, 2026**

**/s/ Maria L. Oxholm**

**Maria L. Oxholm**
**United States Bankruptcy Judge**